[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 20, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12628
Non-Argument Calendar

_____

D. C. Docket No. 04-00335-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MURILLO-MOYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 20, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jose Murillo-Moya ("Murillo") appeals his 135-month sentence for

possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii).

First, Murillo challenges on appeal the district court's failure to award a minor role reduction, arguing that the district court only considered the quantity of drugs transported and did not consider the fact that his role was only to transfer fuel and supplies or that he had no financial interest in the drug transaction. Murillo also notes that he did not own the vessel, did not have any specialized skills, had no direct contact with the cocaine shipment, and did not aid in the planning of the shipment.

Next, Murillo argues that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), contending that the district court failed to consider several of the 18 U.S.C. § 3553(a) factors. Murillo argues that his sentence does not reflect the seriousness of his participation or provide a just punishment for a person trying to provide for a family. He contends that his sentence is excessive because it fails to consider that he would be

deported upon release from prison and would not be in a position to harm anyone else in the United States.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error.

I.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the reduction bears the burden of proving the minor role in the offense by a preponderance of the evidence. *Id*. at 939. In determining the defendant's role in the offense, the "decision falls within the sound discretion of the trial court." *Id*. at 945. "So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." *Id*. The district court need not make specific factual findings in determining the defendant's role. *Id*. at 939. "So long as the district court's decision is supported by the record and the court clearly resolves any *disputed* factual issues, a simple statement of the district court's conclusion is sufficient." *Id*.

The guidelines provide for a two-level minor participant reduction. U.S. Sentencing Guidelines Manual § 3B1.2. A defendant is a minor participant if he is less culpable than most other participants, but his role was not minimal. *Id*. cmt. n.5.

In determining whether a role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. Under the first prong, the district court "must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id*. at 941. Under the second prong, the court "measure[s] the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id*. at 944. In this analysis the court "should look to other participants only to the extent that they are identifiable or discernable from the evidence" and "may consider only those participants who were involved in the relevant conduct attributed to the defendant." *Id*.

The district court did not clearly err in denying a minor role reduction. With respect to the first prong of *De Varon*, a district court may legitimately conclude

that a drug courier played an important and essential role where the courier's relevant conduct is limited to his own criminal act. *Id.* at 942-43. The relevant conduct attributed to Murillo was identical to his actual conduct because he was only held accountable for the 16 bales of cocaine recovered from the vessel, which contained 320 kilograms of cocaine. Thus, Murillo's claim under the first prong fails.

With respect to the second prong, Murillo's counsel argued that Murillo was only a deck hand who was not involved in the planning or financing of the shipment and would not have profited from the shipment. The Presentence Investigation Report ("PSI") did not specify what roles the other crew members played in organizing the drug shipment, and Murillo did not proffer any facts distinguishing his role from the other crew members. Murillo did not testify regarding his involvement in the transaction or proffer testimony from any other defendants indicating that he played a smaller role than other crew members. As the record is largely devoid of evidence clarifying any distinction in the roles played by the crew members, Murillo's argument also fails under this prong. Thus, Murillo has not met his high burden of proving that the district court clearly erred in denying a minor role reduction.

II.

Following the Supreme Court's decision in *Booker*, we review a defendant's final sentence imposed, in its entirety, for reasonableness in light of the factors in 18 U.S.C. § 3553(a).[1] *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam). Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range. *See* 18 U.S.C. § 3553(a). A district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). We have acknowledged that the guidelines remain "central to the sentencing process," but we have rejected the idea that a sentence within the guidelines is per se reasonable. *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005) (per curiam).

We hold that Murillo's sentence is reasonable in light of the § 3553(a)

---

[1] The government argues on appeal that we do not have subject matter jurisdiction to hear challenges to the reasonableness of the sentence in this case. We recently held, however, that "a post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that a sentence was imposed in violation of law pursuant to § 3742(a)(1)." *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam).

factors.[2] The court stated at sentencing that it had considered the advisory

guidelines and § 3553(a) factors and had determined that the sentence imposed was

sufficient but not greater than necessary to comply with the statutory purposes of

sentencing. Murillo's 135-month sentence is at the low end of the guideline range,

a range that takes into account Murillo's offense conduct, personal characteristics

and history, just punishment, and adequate deterrence. *See Scott*, 426 F.3d at 1330.

Murillo's sentence is also within the statutory range of ten years to life. The court

also considered the nature of the offense and the need to provide adequate

deterrence because it commented that even individuals playing alleged smaller

roles in drug smuggling need to be deterred. Thus, Murillo's sentence is

reasonable in light of the § 3553(a) factors.

**AFFIRMED.**

---

[2]Because the sentence is reasonable under either an abuse of discretion or plain error review standard, we do not address whether Murillo raised a sufficient reasonableness objection in the district court, which would affect which standard of review would apply.